# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL H. ODELL,<br>Plaintiff,<br>v.<br>IDALBERTO ZALDIVAR-GALVES,<br>Defendant. | Case No. 1:26-cv-01914-KES-BAM (PC)<br><br>ORDER CONSTRUING PLAINTIFF'S NOTICE AS MOTION FOR RECUSAL OF MAGISTRATE JUDGE<br><br>ORDER DENYING MOTION FOR RECUSAL OF MAGISTRATE JUDGE<br><br>(ECF No. 12) |

**I. Introduction**

Plaintiff Michael H. Odell ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On July 17, 2026, the Court screened Plaintiff's first amended complaint and granted him leave to amend within 30 days. (ECF No. 11.)

On August 12, 2026, Plaintiff filed a "Notice" requesting a thirty-day (30) stay of the civil case for good cause to include a request for issuance of "judicial notice" due to the Court's "arbitrary, biased, and due process violation of vagueness" and recusal/replacement of the current magistrate judge. (ECF No. 12.) The Court construes the notice as a motion for recusal of the magistrate judge.

**II. Plaintiff's Motion for Recusal of the Magistrate Judge**

Plaintiff seeks recusal or replacement of the current magistrate judge "due to case and judicial incompetence" and claims that this Court is "arbitrary" and "biased." (ECF No. 12 at 1.) In his motion, Plaintiff asserts that he is not *in forma pauperis* as alleged,[1] no named plaintiff or

[1] Plaintiff submitted an application to proceed *in forma pauperis* on April 6, 2026. (ECF No. 5.) The Court granted the application on April 7, 2026. (ECF No. 6.)

defendant is a government agency or immune from suit, defendants are liable acting under the color of law, defendants cannot claim "privileged immunity," the district court cannot overrule *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1979), and Plaintiff has exhausted all remedies under the Prison Litigation Reform Act. (ECF No. 12 at 2-3.)

Additionally, Plaintiff asserts that the named defendants knowingly acted "under the false guise of the color of state law" and "repetition of incompetent excuses of ignoring, not treating life-threatening emergency episodes of the Plaintiff over ten (10) days … where, 'he or she knows that this inmate faced substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it,'" citing *Farmer v. Brennan*, 511 U.S. 825 (1994). (ECF No. 12 at 3 (emphasis omitted).) Plaintiff questions whether the Court or the Magistrate Judge will overrule the Supreme Court's final ruling in *Farmer* in the "current ignored, life-threatening case of Plaintiff … as witnessed via actual licensed medical staff professionals (not the Defendants) at Corcoran State Prison's main medical treatment facility and at the out-of-prison Adventist Hospital in Bakersfield, California." (*Id.* at 4.)

As resolution, Plaintiff requests that (1) the Magistrate Judge recuse from this case, (2) the district court appoint a competent replacement within the next thirty calendar days, and Chief United States District Judge Troy L. Nunley be notified and a copy of the response be remitted to Plaintiff; and (3) the Magistrate Judge's order of a second amended complaint be questioned. (*Id.* at 4-5.) Plaintiff also refers to a case in the Northern District of California involving the same prison facility. (*Id.* at 6.)

**III. Legal Standards**

A magistrate judge must disqualify herself if her "impartiality might be reasonably questioned," 28 U.S.C. § 455(a), or if she "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," 28 U.S.C. § 455(b)(1). "[J]udicial rulings or information acquired by the court in its judicial capacity will rarely support recusal." *United States v. Johnson*, 610 F.3d 1138, 1147 (9th Cir. 2010) (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

The objective test for determining whether recusal is required is whether a reasonable

person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. *Johnson*, 610 F.3d at 1147 (quotation marks and citation omitted); *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008). "Adverse findings do not equate to bias," *Johnson*, 610 F.3d at 1148.

**IV. Analysis**

First, to the extent Plaintiff has addressed any relief in his motion to Chief District Judge Nunley, a motion to disqualify a judge must be decided by the judge whose impartiality is being questioned. *In re Bernard*, 31 F.3d 842, 843 (9th Cir. 1994) (citing *United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980)). Accordingly, the undersigned will address Plaintiff's motion.

Second, Plaintiff's arguments and statements are not sufficient to demonstrate personal bias or prejudice by the undersigned. Plaintiff's conclusory assertions of arbitrariness and bias, without further explanation, cannot support a finding that the undersigned holds any personal bias or prejudice concerning Plaintiff or any other potential party to this action. Plaintiff's assertions appear to be premised on the undersigned's rulings in this action. However, Plaintiff's disagreement with the Court's rulings in this action is not a legitimate ground for seeking recusal or disqualification. As noted, judicial rulings will rarely support recusal, and adverse findings do not equate to bias. *See Johnson*, 610 F.3d at 1147, 1148. Plaintiff's conclusory statements and arguments are insufficient to establish that the undersigned's impartiality might reasonably be questioned or that personal bias or prejudice exists.

**V. Order**

Based on the foregoing, Plaintiff's motion for recusal of the Magistrate Judge (ECF No. 12) is HEREBY DENIED.

IT IS SO ORDERED.

Dated: **August 17, 2026**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE