# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MICHAEL H. ODELL,

Plaintiff,

v.

IDALBERTO ZALDIVAR-GALVES,

Defendant.

Case No. 1:26-cv-01914-KES-BAM (PC)

FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY A COURT ORDER, AND FAILURE TO PROSECUTE

(ECF No. 11)

**FOURTEEN (14) DAY DEADLINE**

## I. Background

Plaintiff Michael H. Odell ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On July 17, 2026, the Court screened Plaintiff's first amended complaint and found that it failed to comply with Federal Rule of Civil Procedure 8 and failed to state a cognizable claim for relief. (ECF No. 11.) The Court granted Plaintiff leave to file a second amended complaint or notice of voluntary dismissal within 30 days. (*Id.*) The Court expressly warned Plaintiff that failure to comply with the Court's order would result in a recommendation for dismissal of this action, with prejudice, for failure to state a claim, failure to obey a court order, and for failure to prosecute. (*Id.*)

On August 12, 2026, in lieu of filing an amended complaint, Plaintiff filed a notice, which the Court construed as a motion for recusal of magistrate judge. (ECF No. 12.) The Court denied the motion on August 18, 2026. (ECF No. 13.)

Plaintiff has failed to file an amended complaint, and the time in which to do so has expired.

## II. Failure to State a Claim

### A. Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

### B. Plaintiff's Allegations

Plaintiff is currently housed at the California Substance Abuse Treatment Facility ("SATF"), where the events in the amended complaint are alleged to have occurred. Plaintiff

names the following defendants: (1) Licensed Vocational Nurse ("LVN") Bolivar; and (2) LVN Tamale.

Plaintiff alleges that he was denied medical treatment by the named defendants for ten days as he coughed up quantities of blood, sputum, displayed acute respiratory distress with pursed lips, flared nostrils, and cyanotic skin color, begging nursing staff at the SATF medical clinic in yard F for medical attention to his immediate life-threatening situation. He was ignored by the named defendants. The result was eventually emergency hospitalization for life-threatening respiratory distress, pneumonia, and isolated for potential tuberculosis.

Plaintiff further alleges that on or about November 25, 2024, and continuing unabated and untreated by state prison medical staff, Plaintiff suffered injury, life-threatening respiratory distress for ten days. No medical treatment was provided to Plaintiff, and no physical assessment, no vital signs, no notification to supervisors, superiors, physicians, although available. Defendants each ignored Plaintiff's acute, life-threatening distress for ten days. Plaintiff was informed to properly fill out a Form 7362 Medical Request to be seen within three weeks. Each day, for ten days, Plaintiff journeyed to the medical clinic at SATF on yard F in greater acute respiratory distress, color of skin was cyanotic (bluish), nasal flaring, pursed lips, coughing up blood, very labored breathing, all staff observed. Plaintiff's life was in dire jeopardy, ignored. Yet staff defendants kept handing Plaintiff medical forms to be filled out and seen in "about three weeks." Plaintiff was only met with, "You faking it," "You're making yourself cough up blood." A professional, licensed nursing response to a prisoner.

On December 4, 2024, Plaintiff was finally transported via ambulance from SATF to the emergency room at Adventist Medical Center in Bakersfield, California. Plaintiff spent his hospitalization at Adventist Medical Center in isolation for life-threatening pneumonia, possible tuberculosis, coughing up and loss of blood, acute respiratory distress, pain, suffering, and emotional distress, conditions that a reasonable medical, licensed professional would necessitate medical treatment/notice to supervisors and primary care physician. The two defendants ignored their individual licensed duty pursuant to the Nurse Practice Act, causing additional pain and suffering.

Plaintiff clams that defendants acted with deliberate indifference in ignoring and not reporting or asking for help when each defendant had been advised for ten straight days of Plaintiff's life-threatening condition. Plaintiff asserts that each defendant knowingly, intentionally, and maliciously violated the Eighth Amendment protected right prohibiting cruel and unusual punishment and the Fourteenth Amendment's due process, equal protection of the law (5th Amend for federal cases). Plaintiff further asserts that Defendants' wanton failure and disregard to help Plaintiff, examine, report, treat the Plaintiff's visibly noticed health-physical life-threatening deterioration cannot be overlooked or dismissed as frivolous.

As relief, Plaintiff seeks compensatory and punitive damages.

**C. Discussion**

**Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

Plaintiff's amended complaint is short, but it is not a plain statement of his claims. Plaintiff does not clearly allege what each individually named defendant did or did not do that violated his rights. Plaintiff does not clearly state what happened, when it happened, and who was involved, lumping defendants together and failing to include factual allegations to state a claim against each individual defendant. Plaintiff's conclusory statements are not sufficient to state a cognizable claim for relief.

**Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

Every person who, under color of [state law] . . . subjects, or causes to be subjected,

> any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's amended complaint fails to adequately link defendants to any action or omission alleged to have violated his rights. Plaintiff may not simply lump the LVN defendants together in his allegations, claiming they denied him medical care or handed him medical forms. Rather, Plaintiff must link each individual defendant to a specific act or omission that violated Plaintiff's rights, not simply lump defendants together in his allegations. Plaintiff must allege factual support for what each individual defendant did or did not do that violated Plaintiff's rights.

**Eighth Amendment – Deliberate Indifference**

Although Plaintiff alleges violations of the Fourteenth Amendment, a prisoner's claim of inadequate medical care constitutes cruel and unusual punishment in violation of the Eighth Amendment where the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," *Simmons v. Navajo Cty. Ariz.*, 609

F.3d 1011, 1019 (9th Cir. 2010); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. *Jett*, 439 F.3d at 1096. In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105–06). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

Further, a "difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)), overruled in part on other grounds, *Peralta v. Dillard*, 744 F.3d 1076, 1082–83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122–23 (9th Cir. 2012) (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." *Snow*, 681 F.3d at 988 (citing *Jackson*, 90 F.3d at 332) (internal quotation marks omitted).

As currently pled, Plaintiff's amended complaint does not state a claim for deliberate indifference to a serious medical need. Plaintiff does not adequately allege that the LVN defendants knew of and disregarded an excessive risk to his health or safety. Plaintiff lumps defendants together, lumps the events of ten days together, and lumps the actions or omissions of defendants together. This is not sufficient to state a cognizable claim. Further, according to Plaintiff's allegations, Plaintiff was believed to be faking his condition or making himself cough up blood, suggesting gross negligence by defendants, not deliberate indifference to a serious medical need.

///

**Fourteenth Amendment - Equal Protection**

The Fourteenth Amendment's Equal Protection Clause requires the State to treat all similarly situated people equally. *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citation omitted). An equal protection claim may be established by showing that defendants intentionally discriminated against a plaintiff based on his membership in a protected class, *Comm. Concerning Cmty. Improvement v. City of Modesto*, 583 F.3d 690, 702– 03 (9th Cir. 2009); *Serrano v. Francis*, 345 F.3d 1071,1082 (9th Cir. 2003), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, *Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591, 601–02 (2008); *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008).

Plaintiff's amended complaint fails to state an equal protection claim. Plaintiff does not allege that defendants intentionally discriminated against him based on his membership in a protected class or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose.

**Fourteenth Amendment - Due Process**[1]

The nature of Plaintiff's Fourteenth Amendment due process claim is unclear. "The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). The due process clause of the Fourteenth Amendment confers both substantive and procedural protections. *Albright v. Oliver*, 510 U.S. 266, 272 (1994). As noted above, Plaintiff's claim of inadequate medical care arises under the Eighth Amendment, not Fourteenth Amendment.

///

[1] Although not entirely clear, Plaintiff appears to assert a violation of the Fifth Amendment due process clause. The Fifth Amendment's due process clause only applies to the federal government. *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008). Since Plaintiff is not proceeding against any federal government employees, he is unable to state a cognizable claim for violation of his rights under the Fifth Amendment.

### III. Failure to Prosecute and Failure to Obey a Court Order

#### A. Legal Standard

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

#### B. Discussion

Here, Plaintiff's second amended complaint is overdue, and he has failed to comply with the Court's order. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes

progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424. The Court's July 17, 2026 screening order expressly warned Plaintiff that his failure to file an amended complaint would result in a recommendation for dismissal of this action with prejudice. (ECF No. 11.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. As Plaintiff is proceeding *in forma pauperis* in this action, it appears that monetary sanctions will be of little use and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

**IV. Conclusion and Recommendation**

Accordingly, the Court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim pursuant to 28 U.S.C. § 1915A, for failure to obey a court order, and for Plaintiff's failure to prosecute this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the

"right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 26, 2026**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE